UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONCRETE JUNGLE, LLC and
GREAT EXPECTATIONS, LLC,

    Plaintiffs,                    CIVIL ACTION NO. 16-cv-14114

    v.                              DISTRICT JUDGE NANCY G. EDMUNDS

ICON COMMERCIAL LENDING,       MAGISTRATE JUDGE MONA K. MAJZOUB
INC., RANDALL J. FARR, and
BRENT WATSON,

    Defendants.
_____/

## ORDER REQUIRING DEFENDANT ICON COMMERCIAL LENDING, INC. TO SECURE COUNSEL AND REQUIRING DEFENDANTS TO SHOW CAUSE WHY THE ANSWER SHOULD NOT BE STRICKEN AND WHY A DEFAULT JUDGMENT SHOULD NOT BE ENTERED AGAINST THEM

Plaintiffs Concrete Jungle, LLC and Great Expectations, LLC filed this action on November 21, 2016, alleging claims of breach of contract, fraud, and negligent misrepresentation against Defendants ICON Commercial Lending, Inc. (ICON), Randall J. Farr, and Brent Watson. (Docket no. 1.) On or about November 28, 2016, Defendants waived service of a summons and the Complaint, and agreed to file an answer or response to the Complaint by January 27, 2017. (Docket nos. 5-7.) On January 30, 2017 and January 31, 2017, Plaintiffs' counsel filed affidavits requesting entries of default against Defendants under Federal Rule of Civil Procedure 55(a) for failure to plead and defend, and a hearing on the amount of a default judgment under Rule 55(b)(2). (Docket nos. 8 and 10.) A Clerk's Entry of Default was entered against Defendants Farr and Watson on January 30, 2017, and against Defendant ICON on January 31, 2017. (Docket nos. 9 and 11.) Defendants' Answer to Plaintiffs' Complaint was filed with the court on

February 1, 2017.¹ (Docket no. 12.) The Answer was signed by Defendant Farr, only, on behalf of all Defendants. (*Id*. at 9.) Plaintiffs subsequently filed a Motion for Default Judgment and to Strike the Answer on February 28, 2017, which is currently pending before the court. (Docket no. 14.) Counsel has not appeared in this matter on behalf of Defendants, and Defendants have not responded to Plaintiffs' Motion. This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 13.)

Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." But 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). "In addition, 28 U.S.C. § 1654 precludes a non-attorney from representing another." *Hui Yu v. U.S. Dep't of Homeland Sec.*, 568 F. Supp. 2d 231, 234 (D. Conn. 2008). Correspondingly, Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

Defendant Farr does not state that he is an attorney. Consequently, he cannot represent and/or sign pleadings on behalf of corporate Defendant ICON or individual Defendant Watson in this matter. The Court will therefore order Defendant ICON to retain counsel to represent its interests in this litigation. If an attorney does not file an appearance in this matter on behalf of Defendant ICON by May 12, 2017, the Court may recommend the entry of a default judgment against Defendant ICON for its failure to secure counsel. *See Barnett v. A S & I, LLC*, No. 3:13-

---

¹ The proof of service and the mailing envelope accompanying the Answer indicate that the Answer was mailed to Plaintiffs' counsel and the court on January 25, 2017. (*See* docket no. 12 at 9-10, 11.)

2

cv-2464-BN, 2014 WL 1641905, at *1 (N.D. Tex. Apr. 24, 2014) (noting that "courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel.").

Additionally, Eastern District of Michigan Local Rule 7.1 provides that responses to dispositive motions are due within twenty-one days of service of the motion. E.D. Mich. LR 7.1(e)(1)(B). Plaintiffs' Motion for Default Judgment is a dispositive motion. E.D. Mich. LR 7.1(e)(1)(A); *see Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). Accordingly, Defendants' responses to the Motion for Default Judgment were due on or about March 21, 2017, but none have been filed. At this juncture, Plaintiffs' Motion stands unopposed. Nevertheless, in light of the Court's findings herein, the Court will order Defendant ICON, through counsel, and Defendants Farr and Watson to show cause in writing on or before May 12, 2017, why they have failed to file a valid answer to the Complaint and why they have failed to respond to Plaintiffs' Motion for Default Judgment and to Strike Answer.

**IT IS THEREFORE ORDERED** that Defendant ICON will retain licensed counsel, who will file an appearance on the party's respective behalf, on or before May 12, 2017.

**IT IS FURTHER ORDERED** that on or before May 12, 2017, Defendant ICON, through counsel, and Defendants Farr and Watson will show cause and plainly set forth in writing the reasons why Defendants have failed to file a valid answer to the Complaint and have failed to respond to Plaintiffs' February 28, 2017 Motion for Default Judgment and to Strike Answer.

**Failure to respond to this Order to Show Cause may result in the Answer being stricken and/or an entry of default judgment in favor of Plaintiffs and against Defendants ICON Commercial Lending, Inc., Randall J. Farr, and Brent Watson.**

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 4, 2017      s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Defendants and counsel of record on this date.

Dated: April 4, 2017      s/ Lisa C. Bartlett
                          Case Manager