**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CONCRETE JUNGLE, LLC and
GREAT EXPECTATIONS, LLC,**

      Plaintiffs,                            CIVIL ACTION NO. 16-cv-14114

      v.                                   DISTRICT JUDGE NANCY G. EDMUNDS

**ICON COMMERCIAL LENDING,**      MAGISTRATE JUDGE MONA K. MAJZOUB
**INC., RANDALL J. FARR, and
BRENT WATSON,**

      **Defendants.**

      _____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment and Motion to Strike Answer (docket no. 14) and Defendants' Motion to Set Aside Default (docket no. 21).[1] The parties filed response and reply briefs to the motions. (Docket nos. 19, 26, 28.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 13.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiffs' Motion for Default Judgment and Motion to Strike Answer (docket no. 14) be **DENIED** and that Defendants' Motion to Set Aside Default (docket no. 21) be **GRANTED**.

---

[1] Also pending before the Court is Defendants' Motion to Dismiss (docket no. 20), which will not be addressed in this Report and Recommendation.

## II. REPORT

### A. Background

Plaintiffs Concrete Jungle, LLC and Great Expectations, LLC filed this action on November 21, 2016, alleging claims of breach of contract, fraud, and negligent misrepresentation against Defendants ICON Commercial Lending, Inc. (ICON), Randall J. Farr, and Brent Watson. (Docket no. 1.) On or about November 28, 2016, Defendants waived service of a summons and the Complaint, and agreed to file an answer or response to the Complaint by January 27, 2017. (Docket nos. 5-7.) On January 30, 2017 and January 31, 2017, Plaintiffs' counsel filed affidavits requesting entries of default against Defendants under Federal Rule of Civil Procedure 55(a) for failure to plead and defend, and a hearing on the amount of a default judgment under Rule 55(b)(2). (Docket nos. 8 and 10.) A Clerk's Entry of Default was entered against Defendants Farr and Watson on January 30, 2017, and against Defendant ICON on January 31, 2017. (Docket nos. 9 and 11.) Defendants' Answer to Plaintiffs' Complaint was filed with the court on February 1, 2017.[2] (Docket no. 12.) The Answer was signed by Defendant Farr, only, on behalf of all Defendants. (*Id.* at 9.) Plaintiffs subsequently filed a Motion for Default Judgment and to Strike the Answer on February 28, 2017, which is currently pending before the court. (Docket no. 14.)

As of April 4, 2017, counsel had not appeared in this matter on behalf of Defendants, and Defendants had not responded to Plaintiffs' Motion. The undersigned therefore entered an order requiring (1) Defendant ICON to secure licensed counsel; and (2) Defendants to show cause why they failed to file a valid answer to the Complaint or a response to Plaintiffs' Motion. (Docket no. 16.) Defendants complied with and responded to the Order on the May 12, 2017 deadline.

---

[2] The proof of service and the mailing envelope accompanying the Answer indicate that the Answer was mailed to Plaintiffs' counsel and the court on January 25, 2017. (*See* docket no. 12 at 9-10, 11.)

(Docket nos. 17, 18.)  That same day, Defendants also filed a Response to Plaintiffs' Motion for Default Judgment and to Strike the Answer (docket no. 19); a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), 12(b)(7) and Forum Non Conveniens and for Stay Pending Arbitration (docket no. 20); and the instant Motion to Set Aside Default (docket no. 21).  Plaintiffs then filed a Motion to Strike those documents on the basis that the Court did not authorize Defendants to file them.  (Docket no. 22.)  The Court has denied Plaintiffs' Motion to Strike in a separate order issued contemporaneously with this Report and Recommendation, and will now address Plaintiffs' Motion for Default Judgment and to Strike the Answer (docket no. 14) and Defendants' Motion to Set Aside Default (docket no. 21).

### B.    Governing Law

Under Federal Rule of Civil Procedure 55(c), for good cause shown, a court may set aside an entry of default.  A "district court enjoys considerable latitude . . . to grant a defendant relief from a default entry."  *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (citations and internal quotation marks omitted).  In exercising its discretion whether to set aside an entry of default, a court considers three factors: (1) whether the default was willful; (2) whether the plaintiff will be prejudiced by setting aside the default; and (3) whether the defendant has a meritorious defense.  *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983).  "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'"  *Thornton v. Wilmington Fin., Inc.*, No. 10-13262, 2011 WL 1060959, at *1 (E.D. Mich. Mar. 23, 2011) (quoting *Shepard Claims Serv., Inc. v. William*

*Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)). Moreover, federal courts, in their determinations to set aside defaults, strongly favor decisions on the merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

    **C.**    **Analysis**

        1.    *Prejudice to Plaintiffs*

Plaintiffs will not suffer any prejudice if the default is set aside. Even if a plaintiff will suffer some delay in its recovery if a trial on the merits takes place, "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citation omitted). The types of prejudice that would warrant not setting aside a default include loss of evidence, increased difficulties in discovery, and greater opportunities for fraud and collusion. *Id.* Here, Plaintiffs have not alleged or shown that they would suffer any prejudice if the court were to set aside the entry of default. Instead, Plaintiffs' Response to Defendants' Motion merely alleges that Defendants have failed to show good cause to set aside the default and that Defendants do not have a meritorious defense. (*See* docket no. 26.) The Court finds that Plaintiffs will not be prejudiced at this early stage of the litigation; therefore, this factor weighs in favor of Defendants.

        2.    *Meritorious Defense*

To establish a meritorious defense, a defendant must state "a defense good at law." *INVST Fin. Group*, 815 F.2d at 398-99. The asserted meritorious defense is sufficient so long as it contains "'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id.* (quoting *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C. Cir. 1980)). A defendant does not need to support its defense with "detailed factual allegations to be deemed meritorious." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th

Cir. 2010). Further, a defendant need not demonstrate a likelihood of success on the merits. *Berthelsen*, 907 F.2d at 621-22. Finally, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group*, 815 F.2d at 398.

In this case, Plaintiffs set forth claims of breach of contract, fraud, and negligent misrepresentation against Defendants. As their meritorious defenses, Defendants contend that they have complied with the parties' agreements by making all "reasonable commercial efforts" to secure financing for Plaintiffs, but they have been prevented from doing so by events outside of their control. (Docket no. 21 at 12.) Defendant Farr has also submitted an affidavit in support of this defense. (Docket no. 20-5.) Additionally, Defendants contend that "they have not made any misrepresentations or fraudulent statements to Plaintiffs, as they used their best efforts to secure financing under the terms of the parties' agreements and any representations made by Defendants were in furtherance of that goal." (*Id.*) Defendants further assert that Plaintiffs have not pled their claims of fraud with specificity, as is required under Federal Rule of Civil Procedure 9. (*Id.*; *see* Fed. R. Civ. P. 9(b).)

Plaintiffs, in their response brief, argue at length regarding how Defendants' asserted defenses would not be successful, but Plaintiffs fail to acknowledge the low bar for establishing a meritorious defense for the purpose of setting aside a default. Regardless of whether Defendants' asserted defenses will succeed on the merits, the Court finds that they are sufficient to satisfy the requirements of Rule 55(c).

### 3. *The Willfulness of the Default*

Where, as here, Defendants have asserted a meritorious defense and Plaintiffs will not be prejudiced if the default is set aside, the court must grant Defendants' Motion to Set Aside Default unless Defendants willfully failed to appear and plead in this matter. *See Shepard*

*Claims Serv.,* 796 F.2d at 194. To treat Defendants' conduct as willful, the court would have to find that Defendants "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *Id*. Here, there is no evidence or allegation of willful conduct by Defendants that resulted in the default. In fact, although Defendants' Answer suffered from some procedural deficiencies and was not filed with the court until February 1, 2017, the record shows that Defendants, who were acting *pro se* at the time, served the Answer upon Plaintiffs two days before the January 27, 2017 deadline. (*See* docket no. 12 at 9-11; Fed. R. Civ. P. 5(b)(2)(C).) Such conduct does not constitute an intent to thwart or a reckless disregard for these judicial proceedings. Accordingly, the default was not willful.

### D. Conclusion

The undersigned finds that Defendants have shown good cause to set aside the default and therefore recommends that Defendants' Motion to Set Aside Default (docket no. 21) be **GRANTED**. In light of this recommendation, it is further recommended that Plaintiffs' Motion for Default Judgment and Motion to Strike Answer (docket no. 14) be **DENIED**.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human*

*Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 28, 2017        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: June 28, 2017        s/ Lisa C. Bartlett
                            Case Manager